IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM SCHOENBAUER, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1901-E-BH |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
|    Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Tim Schoenbauer's Motion to Appeal Request to Move Doccett [sic] to Federal Court*, filed August 17, 2020 (doc. 4). Based on the relevant filings and applicable law, the motion to remand the case to state court should be **DENIED**.

## I. BACKGROUND

This case involves the attempted foreclosure of the property located at 9364 Forest Hills Boulevard, Dallas, Texas 75218 (the Property). (*See* doc. 1-2 at 2.)[2] On March 2, 2004, Tim Schoenbauer (Plaintiff) executed a note (Note) and deed of trust (Deed of Trust) in favor of New Century Mortgage Corporation, encumbering the Property for the amount of $200,000.00. (doc. 1-3 at 3, 26-27.) The Note was subsequently transferred to Deutsche Bank National Trust Company (Defendant). (*Id*. at 3.) After Plaintiff was in a car accident that resulted in long-term disability, he entered into debt restructuring negotiations with Defendant to modify the terms and conditions of his loan. (*Id*.) During the negotiations, Defendant initiated foreclosure proceedings in state court, but instead of proceeding with a foreclosure sale, it offered Plaintiff a loan modification. (*Id*. at 4.)

---

  1 By *Special Order No. 3-251*, this pro se foreclosure case was automatically referred for full case management.
  2 Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff submitted the required documents for his loan modification, but Defendant "kept losing documents so he began contacting [it] on a regular basis[.]" (*Id*. at 5.) Plaintiff spoke to a representative that assured him that Defendant would "take no action to foreclose on [the] Property while in loan modification status. (*Id*.) He completed the loan modification application and "thought all was well and his loan modification was imminent," until he received a notice that a foreclosure sale for the Property had been scheduled for September 5, 2017. (*Id*. at 5.) Plaintiff alleges that Defendant sought to "wrongfully sell [the Property] at a foreclosure sale," in violation of their agreement and "without proper and timely notice." (*See id*.)

On June 29, 2020, Plaintiff sued Defendant for breach of contract, fraud, promissory estoppel, and violation of the Real Estate Settlement Procedures Act (RESPA), in the 298th District Court of Dallas County, Texas. (*See* doc. 1-3.) On July 17, 2020, Defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and federal question jurisdiction on at least one claim under 28 U.S.C § 1331. (doc. 1 at 3, 5.) On August 17, 2020, Plaintiff sought to "appeal" the move of his state case to federal court on grounds that the federal court lacks jurisdiction, and he seeks remand. (*See* doc. 4 at 1-2, 4.)

## II.  MOTION TO REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v.*

*Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A.   **Diversity of Citizenship**

An action removable based on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A case that is removed under § 1332 must have "complete diversity" of citizenship. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332(a). This means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). The party asserting diversity jurisdiction

must "distinctly and affirmatively" allege the citizenship of all the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Here, Defendant alleges that, and Plaintiff does not dispute, that Plaintiff is domiciled in and a citizen of Texas. (*See* doc. 1; doc. 1-3 at 16; doc. 4); *see also Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (noting that individuals are citizens of the states in which they are domiciled). It also alleges that it is "an entity formed under the laws of the State of Delaware" and a citizen of Delaware. (*See* doc. 1-3 at 16; doc. 1 at 3; doc. 11 at 3); *see Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (quoting 28 U.S.C. § 1332(c)(1)) (explaining that for diversity jurisdiction purposes, "a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business'"). Defendant has met its burden to show that the parties are diverse.

**B.     Amount in Controversy**

The amount-in-controversy threshold is a necessary element that must be met before a federal court can properly exercise diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In a motion to remand, the amount in controversy is determined from the plaintiff's perspective. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *2 (S.D. Tex. Mar. 23, 2012). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "Courts [ ] consider

the nature of the claims and the types of damages sought to determine whether it is facially apparent that the amount in controversy meets [the] jurisdictional requirements." *Hannah v. Allstate Texas Lloyd's*, No. EP-11-CV-269-KC, 2011 WL 5325257, at *2 (W.D. Tex. Nov. 2, 2011) (internal quotations omitted).

In actions where the plaintiff seeks injunctive or declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The "object of the litigation" is "the value of the right to be protected or the extent of the injury to be prevented." *McDonald v. Deutsche Bank Nat. Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)). If the injury sought to be prevented is the loss of title to property, then the property itself becomes the object of the litigation. *Burr*, 2012 WL 1016121, at *3. Accordingly, if the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy. *Id.*; *accord McDonald*, 2011 WL 6396628, at *2 ("When 'a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'") (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

While Plaintiff's state court petition does not place a dollar amount on the recovery he seeks, his complaint makes several allegations that put the title to the Property in dispute. He seeks injunctive relief "to restrain Defendant from selling the [] [P]roperty . . . as well as from taking any legal action to evict Plaintiff and any other occupant from, or enforcing a writ of possession regarding the aforementioned property." (doc. 1-3 at 24.) With these allegations, Plaintiff calls into question the right to the Property in its entirety and makes it the object of the litigation. The value

5

of the Property is therefore the proper measure of the amount in controversy. *See Merryman v. JPMorgan Chase*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *7 (N.D. Tex. Oct. 12, 2012); *see Brooks v. Wells Fargo Bank, N.A.*, No. 3:15-CV-245-L, 2015 WL 390674, at *3 (N.D. Tex. Jan. 29, 2015).

To support its contention that the Property is worth more than $75,000.00, Defendant attached to its removal notice an appraisal report by the Dallas County Central Appraisal District (DCAD), showing that the current appraised value of the Property is $600,000.00. (doc. 1-5 at 2.) Plaintiff does not object, dispute, or even address Defendant's contentions regarding the Property's value. (*See* doc. 7.) He admits in his motion to remand that there "is the possibility of [the amount in controversy] being more than $75,000.00." (*Id.*) Defendant has met its burden to show that the Property is worth more than $75,000.00.

Because Defendant has shown that there is diversity of citizenship and the amount in controversy exceeds $75,000.00, removal was proper and the Court has subject matter jurisdiction over this suit.[3] Plaintiff's motion to remand should be denied.

## V. RECOMMENDATION

Plaintiff's motion to remand should be **DENIED**.

**SO RECOMMENDED this 26th day of January, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Because Defendant has shown that diversity jurisdiction exists, it is unnecessary to address its remaining argument that federal question jurisdiction also exists based on Plaintiff's RESPA claim.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE