**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TIM SCHOENBAUER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1901-E-BH |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are *Tim Schoenbauer's Motion for Default Judgement [sic]*, filed September 1, 2020 (doc. 8), *Tim Schoenbauer's Motion for Judgement [sic]*, filed December 22, 2020 (doc. 18), *Tim Schoenbauer's Motion for Judgement [sic]*, filed February 2, 2021 (doc. 22), and *Tim Schoenbauer's Motion for Judgement [sic]*, filed February 26, 2021 (doc. 25). Based on the relevant filings and applicable law, the motions should all be **DENIED**.

## I. BACKGROUND

This case involves the attempted foreclosure of the property located at 9364 Forest Hills Boulevard, Dallas, Texas 75218 (the Property). (*See* doc. 1-2 at 2.)[2] On June 29, 2020, Tim Schoenbauer (Plaintiff) sued Deutsche Bank National Trust Company (Defendant), in the 298th District Court of Dallas County, Texas, alleging breach of contract, fraud, promissory estoppel, and violation of the Real Estate Settlement Procedures Act (RESPA). (*See* doc. 1-3.) On July 17, 2020, Defendant removed this action to federal court. (doc. 1 at 3, 5.)

Because Defendant had not filed an answer in state court prior to removal, and had not filed

---

1 By *Special Order No. 3-251*, this *pro se* foreclosure case was automatically referred for full case management.

2 Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

an answer or otherwise responded to the lawsuit in federal court, on August 18, 2020, Plaintiff was ordered to show cause in writing why he had not requested entry of default and moved for a default judgment. (doc. 5.) In response, Defendant filed a notice on August 28, 2020, alleging that it had never been served with process, and that a citation had never even been issued by the state court. (doc. 7 at 2.) On September 1, 2020, Plaintiff moved for default judgment, and Defendant responded to his motion. (docs. 8-9.). On December 22, 2020, Plaintiff again moved for default judgment, and Defendant responded.   (*See* docs. 18, 20.) On February 2, 2021, Plaintiff filed a third motion for default judgment, and Defendant filed a response. (*See* docs. 22, 24.)    On February 26, 2021, he filed a fourth motion that essentially duplicates his prior motions.    (*See* doc. 26.)

## II.   DEFAULT JUDGMENT

Rule 55 allows a default judgment to be entered against a party and provides the applicable three-step process for securing a default judgment. *See* Fed. R. Civ. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.; New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default.   Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

## A.  **Failure to Plead or Otherwise Defend**

Plaintiff contends that Defendant was properly served with process in state court.[3]  (*See* doc. 8 at 1-2; 18 at 2; 22 at 2.)

---

3  Plaintiff states that "Defendant was not properly served," but that "its answer was due to be filed with the first Monday after the expiration of 20 days[.]" (doc. 8 at 1.)

2

### 1. *Service*

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).  "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)).

As the party asserting the validity of service, Plaintiff bears the burden to show that Defendant has been properly served. *See Flexible Innovations, Ltd. v. Stickkey Sec. Access, PTE, Ltd*, No. 4:08-CV-582-Y, 2009 WL 10705344, at *2 (N.D. Tex. Mar. 3, 2009) (*Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993)) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").   A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x. 380 (5th Cir. 2010) (per curiam).   Here, no return of service was filed in the state court prior to removal, and none has been filed in this court.

Plaintiff appears to claim that Defendant was served when "[t]wo copies were dropped off at [the] office of Barrett Daffin Frappier Turner & Engler . . . on July 29th, which was the legal petitioner's attorney." (doc. 18 at 1.)   The existence of an attorney-client relationship "does not, in itself, convey authority to accept service," however.   *Brown v. Bridges*, No. 12-CV-4947-P, 2015

WL 11121011, at *2 (N.D. Tex. Jan. 30, 2015) (citing *Roden v. Diah*, No. CIV. A. 7:07CV00252, 2008 WL 5334309, at *6 (W.D. Va. Dec. 19, 2008), *aff'd*, 325 F. App'x 253 (4th Cir. 2009)); *see also Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney."). Plaintiff has not shown that Defendant's counsel was authorized to receive service of process on its behalf, so he has not shown that Defendant was properly served. *See Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (finding that service on the defendant's attorney was not valid because there was no evidence that the attorney had the actual authority to accept service of process).

Plaintiff also alleges that he properly served Defendant in state court because he faxed a copy of the complaint to it, and he "had to show the [state court judge] that [he] sent faxes and dropped off" a copy of the complaint. (*See* doc. 22 at 4.)   Even if he faxed a copy of the complaint to Defendant, he has not shown that Defendant was served through a method of service that is "proper under the relevant provisions of the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code which govern the methods for service of process." *Coleman v. Wells Fargo Bank, Nat'l Ass'n*, No. A-16-CV-404-LY-ML, 2016 WL 11584779, at *3 (W.D. Tex. Aug. 11, 2016), *report and recommendation adopted*, No. 1:16-CV-404-LY, 2016 WL 11584827 (W.D. Tex. Sept. 23, 2016) (finding that the plaintiffs did not show that faxing a copy of their complaint was proper under state law).   In addition, neither federal nor state law permit service of process by a party to the lawsuit.   See Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103.   The fact that Defendant may have received notice of this civil action is insufficient to show service of process. *See Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988).

Plaintiff has not shown that Defendant authorized its counsel to accept service on its behalf,

or that it was properly served with process in accordance with Rule 4 or the applicable state rule.

### 2. *Waiver of Service*

Plaintiff also contends that Defendant's notice of removal "nullifies [its] complaint of being served." (doc. 22 at 6.)   Under Texas Rule of Civil Procedure 120, if Defendant enters an appearance in state court, it "shall have the same force and effect as if the citation had been duly issued and served as provided by law." Filing a notice of removal in state court is not a general appearance, "but merely takes the case out of the hands of the state court." *Campos v. U.S. Bank Nat. Ass'n*, No. 4:12-CV-2236, 2012 WL 5828619, at *4 (S.D. Tex. Nov. 13, 2012) (citing *Antonio v. Marino,* 910 S.W.2d 624, 629 (Tex.App.1995)). Because a notice of removal is not a general appearance under Texas law, Plaintiff has failed to show that Defendant waived service by filing a notice of removal.

### 3. *Rule 81(c)(2)*

Noting that Defendant removed this action on July 17, 2020, Plaintiff claims that it failed to respond as provided by Rule 81(c)(2).

Rule 81(c)(2) provides that after a suit is removed from state court, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2); *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (explaining that Rule 81(c) operates to "set the deadline for [a

defendant] to make its first responsive pleading or motion after removal").[4]

Defendant responds that the deadlines under Rule 81(c)(2) "do not apply when a defendant was not served prior to removal," citing *Silva v. City of Madison*, 69 F.3d 1368, 1371 (7th Cir. 1995). (doc. 9 at 3.) In *Silva*, the Seventh Circuit found that while Rule 81(c)(2) determines the amount of time within which an answer or responsive pleading must be filed, a responsive pleading is required "only when: the defendant is in receipt of the complaint; he has been served with a summons; and the complaint has been filed." *Silva*, 69 F.3d at 1371. After the plaintiff in that case filed suit in state court, he made two attempts to serve the defendant by delivering summons and a copy of the complaint, and later his amended complaint, to the defendant's counsel. *Id*. The defendant had not authorized its counsel to receive service of process on its behalf. *Id*. The defendant then removed the case to federal court, but it did not file a response. *See id*. The plaintiff moved for an entry of default on the grounds that the defendant had failed to plead or otherwise defend, which was denied. *Id*.

On appeal, the plaintiff argued that the district court had erred in denying his motion for default judgment because the defendant had failed to file an answer or otherwise respond to his complaint as required by Rule 81(c). *Id*. He conceded that he had not properly served the defendant, but argued that it was required to file a responsive pleading after receipt of a copy of the amended complaint. *See id*. at 1370-71. The Seventh Circuit began its analysis by noting that "a single rule cannot be read in a vacuum. It must be read in light of the statutory commands of the federal judicial

---

4 "Defenses covered by Fed. R. Civ. P. 12(b) are among the 'other defenses or objections under these rules' contemplated by Rule 81(c)(2)." *Washington v. JP Morgan Chase Bank, N.A.*, 2018 WL 5722679, at *2 (N.D. Tex. July 31, 2018), *report and recommendation adopted*, 2018 WL 5722675 (N.D. Tex. Aug. 22, 2018) (quoting *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007)).

code; it also must be read in light of the structure of the entire Rules of Civil Procedure." *Id*. at 1371. Finding a direct relationship between 28 U.S.C. § 1446(b), the statute governing removal, and Rule 81(c), it concluded that it was "the intent of Congress to require that a defendant remove the action to federal court as soon as he was aware, through the complaint, of the nature of the plaintiff's allegations." *Id*. at 1376. "[N]othing in the statute, the rule or their respective legislative histories [ ] would justify [ ] concluding that the drafters, in their quest for evenhandedness and promptness in the removal process, intended to abrogate the necessity for something as fundamental as service of process," however. *Id.* at 1372. Because the defendant had not been properly served and had not waived its right to service by filing a petition for removal, the Seventh Circuit found that there was no personal jurisdiction over the defendant, and that it was not required to file a responsive pleading. *Id*. at 1376-77.

Although the Fifth Circuit does not appear to have addressed this specific issue, in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999), the Supreme Court approved of the Seventh Circuit's interpretation of Rule 81(c) in *Silva* as affording a defendant in a removed case at least 20 days after service of process to respond.  *Murphy* and *Silva* have both been cited in this district for the same proposition.  *See Helms v. Wells Fargo Bank, N.A.*, No. 4:13-CV-366-Y, 2013 WL 12188349, at *4 (N.D. Tex. Dec. 17, 2013) (quoting *Silva*, 69 F.3d at 1371).  *Silva* is persuasive, and the Court likewise finds that a responsive pleading is required "only when: the defendant is in receipt of the complaint; he has been served with a summons; and the complaint has been filed." *Silva*, 69 F.3d at 1371.

Plaintiff has failed to meet his burden to show that Defendant was properly served, or that it waived service. Because Defendant has not been served with a copy of the complaint and

7

summons and has not waived its right to service, it was not required under Rule 81(c)(2) to file an answer or responsive pleading after removal.

In conclusion, Plaintiff has not satisfied the first requirement for a default judgment, i.e., a showing that Defendant has failed "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.

## B. <u>Entry of Default</u>

Plaintiff has also failed to satisfy the second requirement for a default judgment; he has not obtained an entry of default before filing his motion.  As discussed, he cannot meet the requirements for entry of default.

Even assuming for purposes of this motion only that Defendant was technically in default, there is no right to default judgment. *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir.2001)("[A] party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default."). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citation omitted). The decision to enter a judgment by default is discretionary. *Id.*   Plaintiff has provided no basis for an exercise of discretion in this case.

## III.  RECOMMENDATION

Plaintiff's motions for entry of default judgment should be **DENIED**.

**SO RECOMMENDED this 11th day of March, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.   Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE