**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TIM SCHOENBAUER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:20-CV-1901-E-BH** |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *In Observation,* filed April 26, 2021 (doc. 32), in which he requests entry of default judgment. The filing is liberally construed as a motion for default judgment. Based on the relevant filings and applicable law, the motion should be **DENIED**, and this case should be **DISMISSED** without prejudice *sua sponte* for failure to properly serve the defendant.

**I.    BACKGROUND**

This case involves the attempted foreclosure of the property located at 9364 Forest Hills Boulevard, Dallas, Texas 75218 (the Property). (*See* doc. 1-2 at 2.)[2] On June 29, 2020, Tim Schoenbauer (Plaintiff) sued Deutsche Bank National Trust Company (Defendant), in the 298th District Court of Dallas County, Texas, alleging breach of contract, fraud, promissory estoppel, and

---

[1] By *Special Order No. 3-251*, this *pro se* foreclosure case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

violation of the Real Estate Settlement Procedures Act (RESPA). (*See* doc. 1-3.) On July 17, 2020, Defendant removed this action to federal court. (doc. 1 at 3, 5.)

Because Defendant had not filed an answer in state court prior to removal and had not filed an answer or otherwise responded to the lawsuit in federal court, on August 18, 2020, Plaintiff was ordered to show cause in writing why he had not requested entry of default and moved for a default judgment. (doc. 5.) In response, on August 28, 2020, Defendant filed a notice alleging that it had never been served with process, and that a citation had never even been issued by the state court. (doc. 7 at 2.) On September 1, 2020, Plaintiff moved for default judgment, and Defendant responded that no jurisdiction existed over it because it had never been served. (docs. 8-9.) On December 22, 2020, Plaintiff again moved for default judgment, and Defendant responded. (*See* docs. 18, 20.) On February 2, 2021, Plaintiff filed a third motion for default judgment, and Defendant filed a response. (*See* docs. 22, 24.) On February 26, 2021, he filed a fourth motion that essentially duplicated his prior motions. (*See* doc. 25.)

On March 11, 2021, it was recommended that Plaintiff's motions be denied on the grounds that he had not satisfied the requirements for entry of default judgment because he had not shown that Defendant had failed to plead or otherwise defend the lawsuit, and he had not first obtained entry of default. (*See* doc. 26.) The recommendation specifically addressed Plaintiff's arguments regarding how he had properly served Defendant, and it expressly noted that neither federal nor state law permitted a party to the lawsuit to serve process. (*See id.*) The recommendation was accepted on March 26, 2021, and Plaintiff's motions were denied. (*See* doc. 27.)

By order to show cause on March 29, 2021, Plaintiff was put on notice that because he had failed to file a valid return of service on Defendant or otherwise show that it had been served, his lawsuit was subject to dismissal for failure to file a valid return of service. (*See* doc. 28.) On April

14, 2021, he was again specifically advised that his prior efforts at service were not sufficient under federal or state law because a party was not permitted to serve process, and that his lawsuit was therefore subject to dismissal for failure to file a valid return of service. (*See* doc. 31.) The order required him to file a valid return of service or show good cause in writing why proper service could not be made on Defendant, and it expressly warned that dismissal of the case would be recommended if he failed to comply with the order. (*See id.*) A copy of Fed. R. Civ. P. 4 and a summons form were attached. (*See* docs. 31-1, 31-2.)

In response to the show cause order, Plaintiff again sought entry of default judgment, contending that Defendant and its counsel had been served by hand-delivery at their places of business, and that by law they were served once the case was removed. (*See* doc. 32.)[3] He also contended that he was not required to serve Defendant because it removed the case; it was instead required to serve him. (*See id.*) Defendant responded, and he filed a reply and return receipts for certified mail. (*See* docs. 37- 39.)

## II.    SERVICE OF PROCESS

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Subsection (2) of Rule 4(c) provides that service may be effected by any person who is *not a party* and who is at least eighteen years of age. Fed. R. Civ. P. 4(c)(2) (emphasis added).  Under Rule 4, a foreign or domestic corporation may be served under the law of the state in which the district court is located, or by delivering a copy of the summons and complaint to an officer,

---

[3] Defendant contends this is Plaintiff's seventh motion, (*see* doc. 38 at 1), but one motion was unfiled and another was found to actually constitute a reply. (*See* docs. 12-15.)

managing or general agent, or any agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1), (h)(1). Rule 103 of the Texas Rules of Civil Procedure provides that process may be served by a sheriff or constable, any person authorized by law or by written order of the court who is not less than 18 years old, or any person certified under order of the Supreme Court. Tex. R. Civ. P. 103. Like the federal rule, Texas Rule 103 specifically provides that "no person *who is a party to or interested in the outcome of a suit* may serve any process in that suit." *Id.* (emphasis added). Under Texas Rule 106(a)(2), a person authorized by Rule 103 may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex.R. Civ. P. 106(a)(2). Parties in federal court who elect to serve process under state law must fully comply with the law governing service. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 633 (N.D. Tex. 2007).

The filing of proof of service is required unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States Marshal or Deputy Marshal. *Id.* A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x. 380 (5th Cir. 2010) (*per curiam*). The return receipt must include specific information, such as a description of what was served and the name of the person who served or attempted to serve the process. *See* Tex. R. Civ. P. 107(b). The party asserting the validity of service bears the burden to show proper service. *See Flexible Innovations, Ltd. v. Stickkey Sec. Access, PTE, Ltd*, No. 4:08-CV-582-Y, 2009 WL 10705344, at *2 (N.D. Tex. Mar. 3, 2009) ("[T]he party asserting the validity of service bears the burden of proof on that issue.") (citing *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993)).

4

In this case, the Court has already found that Plaintiff's previous attempts to serve Defendant and its counsel by hand-delivery at their places of business and by certified mail were not valid for several reasons, including because neither federal nor state law permits Plaintiff to be the one to serve process on Defendant because he is a party to the case. (*See* docs. 26, 27.) It has already rejected his argument that Defendant received service by law when it removed the case to federal court and was therefore required to serve him. (*See* doc. 26 at 5-8; doc. 27.) Plaintiff has not shown that he has since properly served Defendant.

### III.    DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendant. (*See* doc. 32.)

Rule 55 allows a default judgment to be entered against a party and provides the applicable three-step process for securing a default judgment. *See* Fed. R. Civ. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). As

5

discussed, Plaintiff has not shown that he properly served Defendant, so he has not shown that it had a duty to answer or otherwise plead. *See Shorty v. Sparkman*, No. 5:12-CV-114 (DCB)(MTP), 2013 WL 4773943, *3 (S.D. Miss. Sept. 4, 2013) (the defendants are under no obligation to plead or defend until properly served with process). He has not satisfied the first requirement for a default judgment, i.e., that Defendant has failed "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.

Plaintiff has also failed to satisfy the second requirement for a default judgment. He has not obtained an entry of default before filing his motion; nor can he obtain entry of default because he has failed to serve Defendant. "Without a prior entry of default, a party has no basis to seek a default judgment." *Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019). Because no default has been entered, entry of default judgment is also not warranted. *See Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020) (denying motion for default judgment because, among other reasons, plaintiffs did not first move for clerk's entry of default); *Steele v. Unicorn Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *adopted by* 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (same).

Plaintiff's motion for default judgment should be denied.

## IV.    DISMISSAL OF CLAIMS

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91

6

F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, well more than 90 days have passed since Plaintiff filed this action on June 29, 2020. The defects in his attempted service were specifically identified in the recommendation that his first three motions for default judgment be denied, and the recommendation was accepted.  (*See* docs. 26, 27.) A subsequent order to show cause required him to either file valid proof of service or show cause why Defendant could not be served, and the amended order to show cause was served with a summons form and a copy of Rule 4. (*See* docs. 28, 31.) The orders expressly warned that the case could be dismissed for lack of timely service. (*See id*.) Despite being specifically and repeatedly advised of the deficiencies in his attempts at service and the consequences of a failure to remedy those deficiencies, Plaintiff has still not properly served Defendant.  He has not explained his failure

7

and instead continues to insist that he has properly served Defendant and/or that service was not required because Defendant removed this action. He has therefore failed to show good cause why he was unable to effect service after multiple opportunities. *Compare Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *report and recommendation adopted*, No. 4:18-CV-610, 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019) (finding that good cause existed to excuse the *pro se* plaintiff's insufficient service because she had not been advised of why her attempts at service was ineffective). He has also shown nothing to support the exercise of discretion to provide more time to accomplish service. Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

## V.    RECOMMENDATION

Plaintiff's motion for entry of default judgment should be **DENIED**, and his claims against Defendant should be **DISMISSED** without prejudice *sua sponte* for failure to properly serve Defendant, unless he files valid proof of service for Defendant within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED this 21st day of September, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9