IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM SCHOENBAUER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1901-E-BH |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Tim Schoenbauer's Motion for Judgement [sic],* filed June 8, 2021 (doc. 39). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.     BACKGROUND**

This case involves the attempted foreclosure of the property located at 9364 Forest Hills Boulevard, Dallas, Texas 75218 (the Property). (*See* doc. 1-2 at 2.)[2] On June 29, 2020, Tim Schoenbauer (Plaintiff) sued Deutsche Bank National Trust Company (Defendant), in the 298th District Court of Dallas County, Texas, alleging breach of contract, fraud, promissory estoppel, and violation of the Real Estate Settlement Procedures Act (RESPA). (*See* doc. 1-3.) Defendant removed this action to federal court on July 17, 2020. (doc. 1 at 3, 5.) Since September 1, 2020, Plaintiff has filed multiple motions for default judgment. (*See* docs. 8, 18, 22, 25, and 32.) The motions were denied because he had not satisfied the requirements of entry of default judgment by showing that Defendant had failed to plead or otherwise defend the lawsuit and first obtaining entry

---

[1] By *Special Order No. 3-251*, this *pro se* foreclosure case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

of default, and it has been recommended that his motion for judgment also be denied. (*See* docs. 27, 40.) Plaintiff's arguments about how he properly served Defendant have been specifically addressed, and the recommendations specifically note that neither federal nor state law permit him to be the one to serve Defendant because he is a party to this lawsuit. (*See* docs. 26, 40.)  The recommendations also addressed his argument that Defendant was properly served because it removed this action.  (*See id.*)  Plaintiff again seeks default judgment on grounds that Defendant was served because it removed this action. (*See* doc. 39.) Defendant did not respond to the motion.

## II.     MOTION FOR DEFAULT JUDGMENT

Rule 55 allows a default judgment to be entered against a party and provides the applicable three-step process for securing a default judgment. *See* Fed. R. Civ. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

### A.     <u>Failure to Plead or Otherwise Defend</u>

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)).

Plaintiff argues that under the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), Rule 28³ "does not permit removal before service." (*See* doc. 39 at 2.)  In *Murphy Bros.*, the Supreme Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48; *see also Perez v. ZTE (USA), Inc.*, No. 3:18-CV-2948-B, 2019 WL 1429654, at *2 (N.D. Tex. Mar. 29, 2019) (citing *Murphy Bros*. as holding that the minimum thirty-day period for a defendant to file a notice of removal does not begin to run upon the mere receipt of an initial pleading, absent formal service). As the Fifth Circuit has expressly noted, *Murphy Bros.* "did not address whether service was a prerequisite for a defendant to be able to remove a case." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 n. 23 (5th Cir. 2000).  The appellate court specifically rejected the argument that service is required before removal:

> Generally, service of process is not an absolute prerequisite to removal. Section 1446(b) expressly provides for removal of a civil action or proceeding within thirty days after the receipt by the defendant, "through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable." We read § 1446(b) and its "through service or otherwise" language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served. Indeed, 28 U.S.C. § 1448, which provides that service may be completed in district court for any removed case from state court in which any one or more of the defendants was not served with process or in which the service was not perfected prior to removal, reinforces a less demanding view of the service "requirement" prior to removal. And under Texas law, an action has commenced when a petition is filed. *See* Tex.R. Civ. P. 22.

*Id*. at 177.

---

³ Plaintiff appears to refer to 28 U.S.C. § 1446 as "Rule 28." (*See* doc. 39 at 1-3.)

Plaintiff further argues that "[i]f snap removal is done that they have to accept that they were served." (*See* doc. 39 at 2.) Snap removal is "removal prior to service on all defendants." *Texas Brine Co. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). It does not require that a defendant be served before removing a state case to federal court. *See Serafini v. Sw. Airlines Co.*, 485 F. Supp. 3d 697, 703 (N.D. Tex. 2020) (holding that "'[t]he plain language of § 1441(b)(2) does not limit snap removal to cases involving multiple defendants or require that a defendant have been served before effecting removal of a case from state court.'") (quoting *Latex Constr. Co. v. Nexus Gas Transmission*, LLC, No. CV 4:20-1788, 2020 WL 3962247, at *1 (S.D. Tex. July 13, 2020)). As noted, service is not required before removal. *See Delgado*, 231 F.3d at 177. Plaintiff's snap removal argument also fails.

Plaintiff has still not shown that he properly served Defendant, so he has not shown that it had a duty to answer or otherwise plead. *See Shorty v. Sparkman*, No. 5:12-CV-114 (DCB)(MTP), 2013 WL 4773943, *3 (S.D. Miss. Sept. 4, 2013) (the defendants are under no obligation to plead or defend until properly served with process). He has not satisfied the first requirement for a default judgment, i.e., that Defendant has failed "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.

**B.**     **Entry of Default**

Plaintiff has also failed to satisfy the second requirement for a default judgment. He has not obtained an entry of default before filing his motion; nor can he obtain entry of default because he has failed to serve Defendant. "Without a prior entry of default, a party has no basis to seek a default judgment." *Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019). Because no default has been entered, entry of default judgment is also not warranted. *See Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020)

4

(denying motion for default judgment because, among other reasons, plaintiffs did not first move for clerk's entry of default); *Steele v. Unicorn Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *adopted by* 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (same). Plaintiff has not shown that Defendant has been properly served.[4]

In conclusion, Plaintiff has not met his burden to show that Defendant is entitled to a default judgment against it.

### III.   RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED this 28th day of September, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff failed to provide any proof of service on Defendant in support of his motion. Even if the proof attached to the motion is considered, however, he has not shown that it was properly served under state or federal law. (*See* doc. 39 at 37.)

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE