IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM SCHOENBAUER, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1901-E-BH |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**

Before the Court is *Tim Schoenbauer's Motion for Rehearing,* filed November 16, 2021 (doc. 47). Based on the relevant filings and applicable law, the motion should be construed as seeking reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure and **DENIED**.

### I.   BACKGROUND

This case involves the attempted foreclosure of the property located at 9364 Forest Hills Boulevard, Dallas, Texas 75218 (the Property). (*See* doc. 1-2 at 2.)[2] On June 29, 2020, Tim Schoenbauer (Plaintiff) sued Deutsche Bank National Trust Company (Defendant), in the 298th District Court of Dallas County, Texas, alleging breach of contract, fraud, promissory estoppel, and violation of the Real Estate Settlement Procedures Act (RESPA). (*See* doc. 1-3.) Defendant removed this action to federal court on July 17, 2020. (doc. 1 at 3, 5.) Since September 1, 2020, Plaintiff has filed multiple motions for default judgment. (*See* docs. 8, 18, 22, 25, 32 and 39.) The motions were denied because he had not satisfied the requirements of entry of default judgment by

---

[1] By *Special Order No. 3-251*, this *pro se* foreclosure case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

showing that Defendant had failed to plead or otherwise defend the lawsuit and first obtaining entry of default. (*See* docs. 26, 27, 40, 43, 46.) Plaintiff's arguments about how he properly served Defendant have been specifically addressed, and the recommendations specifically note that neither federal nor state law permit him to be the one to serve Defendant because he is a party to this lawsuit. (*See* docs. 26, 40, 43.) The recommendations also addressed his argument that Defendant was properly served because it removed this action. (*See id.*) By order dated October 15, 2021, Plaintiff's claims were dismissed. (*See* doc. 46.) His motion for rehearing essentially seeks reconsideration of that order.

## II.     MOTION FOR RECONSIDERATION

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Because no final judgment has been entered in this case, Plaintiff's motion is considered under Rule 54(b).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185).  The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Plaintiff's motion for rehearing essentially reurges the same arguments he asserted in his multiple motions for default judgment, which have already been rejected.  He again argues that he served Defendant and its counsel, and that its removal of this action from state court shows that it was served with process.  He again argues that under the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), removal is not permitted before service, and that "[i]f snap removal is done that they have to accept that they were served." (doc. 47 at 2 (emphasis original).)  He again argues that Defendant was required to serve him because it removed the case.  Plaintiff again conflates notice of the lawsuit with service of process.  He has not shown that justice requires reconsideration of the denial of his motions for default judgment and dismissal of his claims.

### III.   RECOMMENDATION

Plaintiff's motion for hearing should be **DENIED**.

3

**SO RECOMMENDED this 22nd day of November, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE