IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIM SCHOENBAUER, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:20-CV-1901-E-BH |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, § | |
| § | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Tim Schoenbauer's Motion for Judgement/Rehearing*, filed January 18, 2022 (doc. 54), should be liberally construed as a motion to alter or amend the judgment under Fed.R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of the property located at 9364 Forest Hills Boulevard, Dallas, Texas 75218 (the Property). (*See* doc. 1-2 at 2.) On June 29, 2020, Tim Schoenbauer (Plaintiff) sued Deutsche Bank National Trust Company (Defendant), in the 298th District Court of Dallas County, Texas, alleging breach of contract, fraud, promissory estoppel, and violation of the Real Estate Settlement Procedures Act (RESPA). (*See* doc. 1-3.) Defendant removed this action to federal court on July 17, 2020. (*See* doc. 1 at 3, 5.) After Defendant failed to answer, Plaintiff filed multiple motions for default judgment. (*See* docs. 8, 18, 22, 25, 32 and 39.) The motions were denied because he had not satisfied the requirements of entry of default judgment by showing that Defendant had been properly served and failed to plead or otherwise defend the lawsuit and obtaining entry of default. (*See* docs. 26, 27, 40, 43, 46.) Plaintiff's arguments about how he had

---

[1]By *Special Order No. 3-251*, this pro se foreclosure case was automatically referred for full case management.

properly served Defendant were specifically addressed, and the recommendations that the motions be denied specifically noted that neither federal nor state law permitted him to be the one to serve Defendant because he is a party to this lawsuit. (*See* docs. 26, 40, 43.) The recommendations also addressed his argument that Defendant was properly served because it removed this action. (*See id.*) By order dated October 15, 2021, Plaintiff's claims were dismissed. (*See* doc. 46.) He filed three motions for rehearing seeking reconsideration of that order, and the motions were denied on December 27, 2021. (*See* docs. 47-52.) A final judgment was entered on that date. (*See* doc. 53.) He now challenges the judgment, asserting the same arguments in his prior motions for reconsideration. (*See* doc. 54.)

## II.  RULE 59(e)

Because Plaintiff's motion challenges the judgment in this case and was filed within 28 days of its entry, it is properly construed as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or

arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff appears to argue that there was manifest error of law or fact for the same reasons asserted in his multiple motions for default judgment, which have repeatedly been rejected. He again argues that he served Defendant and its counsel, and that its removal of this action from state court shows that it was served with process based on Supreme Court precedent and state law. He again argues that Defendant was required to serve him because it removed the case. He has still has not shown that justice requires reconsideration of the denial of his motions for default judgment and dismissal of his claims for lack of service. He has also not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal.

### III.  RECOMMENDATION

Plaintiff's motion, which is properly construed as a motion to alter or amend the judgment under Rule 59(e), should be **DENIED**.

**SO RECOMMENDED** on this 3rd day of August, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4